## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. NICASTRO, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SARA MCMULLEN *et al.,* | : | No. 21-3176 |
| *Defendants* | : | |

### MEMORANDUM

PRATTER, J.                                                        SEPTEMBER /6 , 2022

Mr. Nicastro brought *pro se* claims under 42 U.S.C. § 1983 against his parole agent, Sara McMullen, and his mental health therapist, Jim Doughty.  Ms. McMullen and Mr. Doughty filed motions to dismiss Mr. Nicastro's first complaint for failure to state a claim, which the Court granted on April 22, 2022.  Mr. Nicastro responded by filing an amended complaint.[1]  Because this new complaint does not cure the deficiencies in Mr. Nicastro's original complaint, the Court will grant Mr. Doughty's motion to dismiss the claims against him.[2]

### BACKGROUND

Mr. Nicastro alleges that on December 10, 2020, his "state-mandated" therapist, Mr. Doughty, called him to ask his permission to disclose certain threatening statements made by him in the therapy session, but Mr. Nicastro did not give permission. Doc. No. 2, Compl. at 2, 6. Nonetheless, according to Mr. Nicastro, Mr. Doughty "staged a bogus meeting" with Ms. McMullen that same day during which he disclosed Mr. Nicastro's statements to Ms. McMullen.

---

[1] Mr. Nicastro's filing appears to be intended as a supplement to his original complaint, rather than a standalone complaint.  The Court therefore construes Mr. Nicastro's new filing as if the paragraphs contained therein were added to his original complaint.

[2] Ms. McMullen has not yet filed either an answer or a motion to dismiss in response to Mr. Nicastro's amended complaint.  The Court therefore does not reach any of Mr. Nicastro's claims brought against Ms. McMullen in this memorandum opinion.

Doc. No. 38, Am. Compl. at 1; Doc. No. 2, Compl. at 6. Mr. Nicastro alleges that Mr. Doughty conspired with Ms. McMullen to retaliate against him for what he alleges is protected speech. Doc. No. 38, Am. Compl. at 2. As a result of Mr. Doughty's disclosure, Mr. Nicastro alleges that Ms. McMullen arrested him in the evening of December 10, 2020, causing him to be incarcerated for six weeks pending a hearing and to be evicted from his apartment. Doc. No. 2, Compl. at 6.

Mr. Nicastro accuses Mr. Doughty of violating his civil rights in both his official and individual capacities, citing the First, Fourth, and Fourteenth Amendments as the basis for his § 1983 claims for compensatory and punitive damages.[3]

## LEGAL STANDARD

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted).

In evaluating the sufficiency of a complaint, the Court may consider "only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

---

[3] Mr. Nicastro's original complaint also sought injunctive relief in the form of a federal criminal investigation into the alleged conspiracy against him and leave to re-file a complaint in a separate case brought in the United States District Court for the Western District of Pennsylvania. Doc. No. 2, Compl. at 9. As the Court explained in its opinion granting Defendants' first motions to dismiss, such relief is not within the Court's power. Doc. No. 36, at 13. Because Mr. Nicastro's supplemental complaint does not allege any facts to the contrary, the Court construes his amended complaint as no longer seeking this relief.

The Court must also accept as true all reasonable inferences emanating from the allegations and view those facts and inferences in the light most favorable to the nonmoving party. *Revell v. Port Auth. of N.Y., N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). But legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions") (internal quotation marks omitted).

Mr. Nicastro's *pro se* pleading should be "liberally construed." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). However, the Court "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (internal quotation marks omitted).

## ANALYSIS

Mr. Doughty argues that Mr. Nicastro fails to state a § 1983 claim against him because he has not alleged action by Mr. Doughty "under color of" state law. 42 U.S.C. § 1983. "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). In its prior opinion, the Court explained that Mr. Nicastro's original complaint failed to allege facts from which it could plausibly be inferred that Mr. Doughty is a state actor. Doc. No. 36 at 10-12. The Court now considers the new allegations in Mr. Nicastro's amended complaint.

First, Mr. Nicastro alleges that Mr. Doughty is a state actor under the symbiotic relationship test, which asks whether the State has "so far insinuated itself into a position of interdependence with [the private defendant] that it must be recognized as a joint participant in the challenged activity." *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961). Mr. Nicastro's amended

3

complaint alleges that Mr. Doughty and Ms. McMullen were interdependent because Mr. Doughty "relies on [Ms.] McMullen for a steady stream of clients" and therefore "allows himself to benefit" from Ms. McMullen's alleged efforts to punish and retaliate against individuals like Mr. Nicastro. Doc. No. 38, Am. Compl. at 2. But Mr. Nicastro does not allege any facts in support of this alleged interdependence. The amended complaint does not allege that Ms. McMullen referred either Mr. Nicastro or any other clients to Mr. Doughty, nor does it contain allegations as to the portion of Mr. Doughty's clients who are referred to him as part of treatment as a condition of supervised release. There are also no allegations as to how Mr. Doughty benefitted from Ms. McMullen's alleged retaliation. Without more, the amended complaint's conclusory statements cannot support the inference that Mr. Doughty is a state actor based on the symbiotic relationship theory.

Second, Mr. Nicastro alleges that Mr. Doughty is a state actor because he and Ms. McMullen engaged in "joint action" by staging the allegedly "bogus" meeting to discuss Mr. Nicastro's statements. Doc. No. 38, Am. Compl. at 1-2. But Mr. Doughty, as a private therapist, is required by Pennsylvania law to warn law enforcement officers when patients make credible threats of immediate bodily harm. *See, e.g., Emerich v. Phila Ctr. For Hum. Dev., Inc.*, 720 A.2d 1032, 1043 (Pa. 1998). Thus, even if Mr. Doughty and Ms. McMullen worked together to set up the meeting, Mr. Doughty's alleged disclosure of Mr. Nicastro's threatening statements was required by law, and therefore cannot constitute joint action for § 1983 purposes.[4]

Finally, Mr. Nicastro alleges that Mr. Doughty acted under color of state law by engaging in a conspiracy with Ms. McMullen, who is a state actor, to deprive him of his constitutional rights.

---

[4] Mr. Nicastro's amended complaint alleges that Mr. Doughty's "Duty to Warn" defense is either irrelevant or a pretextual fabrication. Doc. No. 38, Am. Compl. at 1-2. In support, he alleges that Mr. Doughty "had previously leaked Plaintiff's feelings to the Pennsylvania State Police and the Lancaster Police." *Id.* at 1. Mr. Nicastro does not provide any additional detail, nor does he explain how Mr. Doughty's previous disclosures to law enforcement bear on the alleged disclosure to Ms. McMullen at issue here.

*See, e.g.*, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970) (noting that "a private party involved in such a conspiracy, even though not an official of the State, can be liable under § 1983"). To properly allege such a conspiracy a plaintiff must first "establish[] that the object of the conspiracy was the deprivation of a federally protected right." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 295 (3d Cir. 2018).  The amended complaint, however, alleges only that Mr. Doughty arranged to meet with Ms. McMullen to disclose Mr. Nicastro's threatening statements. Doc. No. 38, Am. Compl. at 1.  But while Mr. Nicastro maintains that his statements were protected speech, he has alleged no facts as to the content of his statements from which the Court could assess whether those statements would in fact be entitled to First Amendment protection.  The amended complaint therefore fails to plausibly allege a conspiracy to violate Mr. Nicastro's First Amendment rights.

### CONCLUSION

Because Mr. Nicastro's amended complaint fails to state a § 1983 claim against Mr. Doughty, the Court grants Mr. Doughty's motion to dismiss.  Mr. Nicastro's claims against Mr. Doughty are dismissed.  An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE