IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. NICASTRO, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| SARA MCMULLEN *et al.*, *Defendants* | : : : | No. 21-3176 |

### MEMORANDUM

PRATTER, J.                                                                                                   NOVEMBER 4, 2022

Mr. Nicastro brought *pro se* claims under 42 U.S.C. § 1983 against his parole agent, Sara McMullen, and his mental health therapist, Jim Doughty. Ms. McMullen and Mr. Doughty filed motions to dismiss Mr. Nicastro's first complaint for failure to state a claim, which the Court granted on April 22, 2022. Mr. Nicastro responded by filing an amended complaint.[1] Mr. Doughty filed a motion to dismiss this new complaint on June 3, 2022, which the Court granted. Now, Ms. McMullen submits her own motion to dismiss the amended complaint's remaining charges against her. Because the Court agrees that Mr. Nicastro's new complaint does not cure the deficiencies in his original complaint, the Court grants Ms. McMullen's motion to dismiss.

### BACKGROUND

Mr. Nicastro alleges that his parole agent, Ms. McMullen, arrested him on three separate occasions.

---

[1] Mr. Nicastro's filing appears to be intended as a supplement to his original complaint, rather than a stand-alone complaint. The Court therefore construes Mr. Nicastro's new filing as if the paragraphs contained in it were added to his original complaint.

1

First, he alleges that Ms. McMullen arrested him in January 2020 for missing a therapy session and violating the terms of his parole. As a result of this arrest, Mr. Nicastro spent several weeks in jail and lost his job.

Second, Mr. Nicastro alleges that Ms. McMullen arrested him on December 10, 2020, after conspiring with his "state-mandated" therapist to "stage[] a bogus meeting" to disclose certain statements made by Mr. Nicastro during his therapy sessions that he contends were protected speech. As a result of this second arrest, Mr. Nicastro was detained for six weeks and was evicted from his apartment.

Third, Mr. Nicastro alleges that Ms. McMullen arrested him on March 15, 2021, for making a threat against her. He alleges that Ms. McMullen gave "false, misleading, & incomplete testimony" to the Lancaster Police Department about this threat, leading to his incarceration.

Mr. Nicastro accuses Ms. McMullen of violating his civil rights in both her official and individual capacities, citing the First, Fourth, and Fourteenth Amendments as the basis for his § 1983 claims for compensatory and punitive damages.

## LEGAL STANDARD

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted).

In evaluating the sufficiency of a complaint, the Court may consider "only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court must also accept as true all reasonable inferences emanating from the allegations and view those facts and inferences in the light most favorable to the nonmoving party. *Revell v. Port Auth. of N.Y., N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). But legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions").

Mr. Nicastro's *pro se* pleading should be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, just because the plaintiff is representing himself without the aid of a lawyer, the Court "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greater Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (internal quotation marks omitted).

## ANALYSIS

### I. Official Capacity Claims

Ms. McMullen contends that, to the extent Mr. Nicastro brings a § 1983 claim against her in her official capacity, that claim is barred by the Eleventh Amendment because she is an employee of the Pennsylvania Board of Probation and Parole, which is a sub-agency within the Pennsylvania Department of Corrections.

A claim brought against a state official in his or her official capacity is a claim against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Eleventh Amendment bars suits for damages

against state employees acting in their official capacities unless the state has consented to suit. *Kentucky v. Graham*, 473 U.S. 159, 169 (1983). Pennsylvania has expressly withheld consent to be sued under § 1983. 42 Pa. Cons. Stat. § 8521(b). Mr. Nicastro's official capacity claims must therefore be dismissed.[2]

## II. Individual Capacity

Mr. Nicastro's claims against Ms. McMullen as an individual are not subject to the same Eleventh Amendment bar as his official capacity claims. *Hafer*, 502 U.S. at 30-31. Nonetheless, Ms. McMullen argues that Mr. Nicastro's amended complaint fails to plausibly allege any deprivation of a federal right that would give rise to § 1983 liability.

### a. First Amendment

"[T]o plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the two constitutionally protected activity and the retaliatory action." *Thomas v. Independ. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).

Mr. Nicastro's amended complaint fails at the first step. He offers no facts to support his "bare assertion" that his speech was constitutionally protected. *Ruff v. Long*, 111 F. Supp. 3d 639, 647 (E.D. Pa. 2015). He does not, for example, allege any facts about the statements for which he claims he was arrested. To the contrary, his only factual allegation with respect to these statements

---

[2] Mr. Nicastro's original complaint also sought injunctive relief in the form of a federal criminal investigation into the alleged conspiracy against him and he also hoped for leave to re-file a complaint in a separate case brought in the United States District Court for the Western District of Pennsylvania. As the Court explained in its opinion granting Defendants' first motions to dismiss, such relief is not within the Court's power. Similarly, such relief is not within Ms. McMullen's power as a parole officer. Because Mr. Nicastro's supplemental complaint does not allege any facts suggesting a contrary conclusion, the Court construes his amended complaint as no longer seeking this relief.

was that Ms. McMullen considered these statements to be "tantamount to assaultive behavior." The March 2021 arrest to which Mr. Nicastro's complaint refers describes the charges against Mr. Nicastro as making "terroristic threats." *CmWlth of Pa. v. Nicastro*, CP-36-CR-0999-2021, Criminal Docket, Doc. No. 45-1, at 3.[3] Threats are not constitutionally protected speech. *Virginia v. Black*, 538 U.S. 343, 359 (2003). Therefore, without facts from which the Court could infer that Mr. Nicastro's speech was protected, his amended complaint fails to state a First Amendment claim.

### b. Fourth Amendment

To establish a Fourth Amendment claim for false arrest, a plaintiff must show that his arrest was not supported by probable cause.[4] *White v. Andrusiak*, 655 F. App'x 87, 90 (3d Cir. 2016). Probable cause for an arrest exists if the facts and circumstances as known to the officer "were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). This is an objective standard, *see Patterson v. Bd. of Prob. & Parole of Commw. of Pa.*, 851 F. Supp. 194, 201 (E.D. Pa. 1994), and a district court "may conclude that probable cause did exist as a matter of law" at the motion to dismiss stage if the facts as alleged "viewed in the light most favorably to the plaintiff, reasonably would not support a contrary [inference]," *Shelley v. Wilson*, 339 F. App'x 136, 138 (3d Cir. 2009) (per curiam) (internal quotation omitted).

---

[3] When deciding a motion to dismiss, the Court "may consider . . . any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[4] The Court need not address whether the lower standard of reasonable suspicion, rather than probable cause, applies to Mr. Nicastro's arrest because he is a parolee and Ms. McMullen "clearly had probable cause to arrest" Mr. Nicastro. *United States v. Noble*, 326 F. App'x 125, 127 (3d Cir. 2009).

5

Mr. Nicastro alleges that each of his three arrests by Ms. McMullen were unlawful, but he fails to allege sufficient factual allegations to allow the Court to infer that probable cause was lacking for any of them. As to his January 2020 arrest, Mr. Nicastro does not dispute that he cancelled his mandatory therapy session, but rather alleges his reasons for having done so. This supports a finding of probable cause. As to the December 2020 arrest, Mr. Nicastro does not deny making the threats at issue and he does not provide any factual allegations from which the Court might infer that the threats were not severe enough to justify his arrest. Finally, as to the March 2021 arrest, it is not clear whether Mr. Nicastro alleges that Ms. McMullin was the one who arrested him; the complaint states only that Ms. McMullen provided information to "Lancaster authorities." In any event, Mr. Nicastro does not allege a lack of probable cause with respect to this arrest.[5] His complaint fails to state a Fourth Amendment claim.

c. *Fourteenth Amendment*

Finally, Mr. Nicastro's claims under the Fourteenth Amendment are misplaced and must be dismissed. Claims of pretrial deprivations of liberty are properly brought under the more specific terms of the Fourth Amendment, rather than the "more generalized notion of substantive due process" under the Fourteenth Amendment. *Albright v. Oliver*, 510 U.S. 266, 273-75 (1995) (internal quotation marks omitted). This is also true of false arrest claims. *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000).

---

[5] Mr. Nicastro's complaint appears to allege malicious prosecution against Ms. McMullen. It alleges that she "construct[ed] a threat to her" by providing false information to the "Lancaster authorities." A malicious prosecution claim, however, requires a showing that "the criminal proceeding ended in plaintiff's favor." *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). Because Mr. Nicastro does not allege that the proceeding ended in his favor, the complaint fails to state a claim for malicious prosecution.

6

## CONCLUSION

Because Mr. Nicastro's amended complaint fails to state a § 1983 claim against Ms. McMullen, the Court grants Ms. McMullen's motion to dismiss. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE